

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2003

# USA v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Watson" (2003). *2003 Decisions*. Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2758

UNITED STATES OF AMERICA

v.

BRUCE WATSON
aka George Flamer

Bruce Watson,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 98-cr-00147-1
(Honorable Thomas I. Vanaskie)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2003

Before: SCIRICA, *Chief Judge*, NYGAARD and AMBRO *Circuit Judges*

(Filed   November 13, 2003 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

At issue on appeal is whether the District Court properly denied defendant Bruce Watson's motion to suppress drug evidence seized on a bus. We will affirm.

## I.

In 1998, Ronald Paret, a narcotics agent for the Pennsylvania Attorney General's Office, received information[1] that Bruce Watson was traveling on a Susquehana Trailways bus to Williamsport, Pennsylvania to purchase drugs. During the bus's scheduled stop in Lehighton, Pennsylvania, Paret and Kirk Schwartz, a detective for the Monroe County District Attorney's Office, boarded the bus. Two other law enforcement officials remained outside the bus. Paret announced over the loudspeaker to the passengers that he and Schwartz were law enforcement officers conducting a drug investigation and told the passengers that their "cooperation was appreciated but not required." Both Paret and Schwartz were dressed in plain clothes and had concealed their weapons in "fanny packs" around their waists.

Paret and Schwartz walked to the back of the bus and checked the bathroom for contraband. Working his way up to the front of the bus, Paret stood in the empty row of seats in front of Watson, the passenger seated closest to the back of the bus. Schwartz completed his search of the bathroom and stopped in the aisle slightly behind Watson.

---

[1] The District Court found it unnecessary to establish whether the source of Paret's "tip" was reliable, as the officers had probable cause to arrest Watson when they spotted the marijuana blunt.

Schwartz asked Watson where he lived and when he last visited Williamsport, and Watson willingly answered the questions. Schwartz then requested to see Watson's ticket and identification and asked Watson whether he had any contraband or weapons. While replying in the negative, Watson removed a sweatshirt from a plastic bag that was lying on the seat next to him, and an object fell out of the sweatshirt pocket onto the empty seat. Schwartz recognized the object as a "blunt," a marijuana cigarette, and Watson admitted that the blunt was his. Schwartz then placed Watson under arrest for marijuana possession. Watson resisted arrest, and the two policemen outside the bus helped to physically restrain Watson.

The officers then discovered a crumpled piece of paper on the floor next to the seat where Watson had been sitting. The crumpled paper, from the Lycoming County Public Assistance Office in Williamsport, had Watson's name on it and contained a small amount of crack cocaine. Officers later found ten grams of marijuana concealed in Watson's sock, along with 100 small plastic bags typically used to distribute controlled substances.

Watson was indicted for possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Watson moved to suppress the evidence obtained in the bus interdiction. After a hearing, the District Court denied Watson's motion to suppress. *United States v. Watson,* No. 3:CR-98-147 (February 24, 1999). Watson was subsequently convicted and sentenced. On appeal, we reversed the conviction, holding

the District Court erred in permitting expert testimony concerning Watson's mental state under Federal Rule of Evidence 704, and ordered a new trial. *United States v. Watson,* 260 F.3d 301, 310 (3d Cir. 2001). At that time, Watson did not appeal the denial of suppression motion, nor did we address that issue.

After remand but before the second trial, Watson made a *pro se* motion to reconsider its earlier order denying the motion to suppress, which the District Court denied. At Watson's second trial, the jury found Watson guilty of possession of crack cocaine and perjury. Watson now appeals this second conviction on the basis of improper admission of evidence obtained during the bus interdiction.

We exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's legal conclusions is plenary, *United States v. Kim,* 27 F.3d 947, 950 (3d Cir. 1994), but we use the clear error standard to review the findings of fact from the suppression hearing, *United States v. Meyers,* 308 F.3d 251, 255 (3d Cir. 2002).

## II.

Watson claims the bus interdiction constituted an illegal search and seizure, violating his Fourth Amendment rights. Law enforcement officials may question riders inside a bus without running afoul of the Fourth Amendment if "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick,* 501 U.S. 429, 436-37 (1991). At issue is whether a reasonable person would have felt free to not cooperate with officers Schwartz and Paret. This

4

determination is based on the "totality of the circumstances," *Kim,* 27 F.3d at 951, including but not limited to (1) whether the questioning occurred in a confined place; (2) whether the questioning was accusatory; (3) whether officials blocked the exit; (4) whether the officials informed the defendant of his right to refuse to cooperate; (5) whether the questioning occurred in a public or private place; and (5) whether the manner of the questioning was accusatory, persistent and intrusive. *Id.; see also United States v. Little,* 60 F.3d 708, 713-14 (10th Cir. 1995).

The District Court found that Watson's encounter with Schwartz and Paret was consensual. Paret had initially informed all of the bus passengers that their cooperation was not required. Schwartz asked his questions in a normal conversational tone, and Watson agreed to answer the questions. Schwartz did not accuse Watson of carrying contraband during the questioning. He only asked Watson approximately five questions and questioned him in public view.

Watson argues that the positioning of Schwartz and Paret effectively blocked his exit and made him feel "surrounded," so that he did not feel free to leave the bus. The facts here are similar to that in *United States v. Drayton,* 536 U.S. 194 (2002), where one officer stood in the bus aisle adjacent to two seated defendants while questioning them regarding contraband possession. *Id.* at 212. Another officer stood behind the defendants "for cover" and a third stood at the front of the bus. *Id.* The Court found that the officers' positions on the bus did not intimidate the passengers, nor did it indicate that the

passengers could not exit. *Id.* at 205. The Court concluded "there was nothing coercive or confrontational about the encounter." *Id.* at 204 (internal quotation marks omitted).

Considering the totality of the circumstances, the District Court properly found a reasonable person would feel he could refuse to answer Schwartz's questions, and the encounter was therefore consensual. The motion to suppress was properly denied.

### III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica

*Chief Judge*